UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E. D. TREVILLER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>FOLEY, et al.,<br><br>　　　　　Defendants. | Case Nos. 17-cv-06684-JSC; 17-cv-06787-JSC<br><br>**ORDER RELATING CASES AND SCREENING ORDER REVIEWING COMPLAINTS**<br><br>Re: Dkt. No. 1 |

E.D. Treviller, proceeding pro se, brings this civil action against Defendants Contra Costa County Civil Unit, Sergeant Foley and "Gang Officers," Barry Goldstein, Danielle Douglas, Terrye Daye, the Richmond Police Department, and Hillside Garden Apartments. Plaintiff filed two cases, Case No. 17-cv-06684 ("Case One") on November 20, 2017, and one week later the instant case, 17-cv-6787 ("Case Two"). Having carefully reviewed the complaints the Court concludes the cases are related as the actions concern the same parties and arise from the same event – Plaintiff's housing at Hillside Garden Apartments. *See* Civ. L.R. 3-12(a). The Court now screens Plaintiff's complaints pursuant to 28 U.S.C. § 1915 and concludes the complaints are deficient for the reasons set forth below.

**COMPLAINT ALLEGATIONS**

**A.　Case One**

Plaintiff rented an apartment at Hillside Garden Apartments in April 2017. (Dkt. No. 1 at 2.) Plaintiff's landlord is Muslim and racially discriminated against Plaintiff by initiating eviction proceedings because Plaintiff is African American. Plaintiff's landlord, who Plaintiff refers to as "Sen," filed "for a unlawful detainer" but Plaintiff was ultimately successful in winning the case. (*Id.*) Plaintiff's landlord then accepted partial payment of Plaintiff's rent. (*Id.*) The parties

agreed Plaintiff would pay the week of May 15, 2017 through May 20, 2017. (*Id*.)

Plaintiff's landlord stated that he was going to represent himself pro per in the housing proceedings but appeared in court on June 8, 2017 with an attorney. (*Id*.) During the proceeding the landlord, his attorney, and the mediator went into the judge's chambers without Plaintiff. (*Id*. at 3.) The parties then returned to the courtroom and the judge instructed the parties to go out to the hallway and attempt to settle the dispute. (*Id*.) Once in the hallway the landlord stated that Plaintiff did not pay April rent. (*Id*.) Plaintiff became angry because the landlord was lying. (*Id*.)

The hearing was "fixed" because Plaintiff was not allowed to introduce evidence, including a defective three-day notice, and Plaintiff was unaware that he did not have to give up his rights to a counselor. (*Id*.) If Plaintiff had counsel he would not have signed the stipulation and instead demanded a trial. (*Id*.)

When Plaintiff attempted to pay the stipulated payment of $2,295 on August 1, 2017, the landlord refused to accept it. (*Id*.) Later, Plaintiff again inquired whether the landlord would accept the check but the landlord refused. (*Id*.) Plaintiff also tried to make a payment on August 31, 2017. (*Id*. at 4.) Plaintiff arrived at the property office at 4:45 pm. (*Id*.) The office was technically open until 5pm but no one was available. (*Id*.) Plaintiff waited until 5:20pm but no one showed up. (*Id*.) Plaintiff then called the attorney working on his slip and fall case against the property. (*Id*.) This attorney instructed Plaintiff to try to call the landlord's attorney to see if the landlord would accept his check. (*Id*.) Plaintiff was also trying "over and over to have his evidence hear (sic)" by filing motions and declarations. (*Id*.)

Plaintiff and the landlord exchanged words on July 23, 2017 and October 5, 2017 but the police did not write up reports of the incidents. (*Id*.) On one occasion a group of Muslim men who are friends with the landlord pointed at Plaintiff and said something to the landlord. (*Id*.) The landlord then began following Plaintiff with his cell phone. (*Id*.) Plaintiff waved at the landlord and asked the landlord to stop filming him. (*Id*.) The landlord then pushed Plaintiff against the wall. (*Id*.) The landlord stalked and harassed Plaintiff to get a reaction of out him. (*Id*.) The landlord also choked Plaintiff. (*Id*.) At this point in the housing litigation default judgment, a restraining order, and a writ of possession proceeding were pending. (*Id*. at 5.)

2

1 Plaintiff requested a different courthouse in the county. (*Id.*) Plaintiff believes particular judges are prejudiced against him. (*Id.*)

**B.  Case Two**

The facts in Case Two appear to be a continuation of the facts in Case One. On November 7, 2017 Plaintiff was served with a writ of possession. (Dkt. No. 1 at 2.) The writ stated that Plaintiff must vacate his apartment by November 20, 2017. (*Id.*) Plaintiff then filed a "preliminary prohibitory injunction." (*Id.*) Each defendant contributed to the Plaintiff being illegally evicted. (*Id.*) Plaintiff filed two different "chapters of [b]ankcruptcy." (*Id.*)

The same day Plaintiff received the unlawful detainer was the due date of Plaintiff's last rent balance. (*Id.*) As such, the unlawful detainer was unexpected. (*Id.*) The unlawful detainer proceeding was brought in retaliation against Plaintiff due to Plaintiff's April 2017 slip and fall case against the property. (*Id.*)

**LEGAL STANDARD**

Under 28 U.S.C. § 1915, the Court has a continuing duty to screen any case in which a party is proceeding in forma pauperis if the Court determines that the action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous for Section 1915 purposes where there is no subject matter jurisdiction. *See Castillo v. Marshall*, 207 F.3d 15, 15 (9th Cir. 1997); *see also Pratt v. Sumner*, 807 F.2d 817, 819 (9th Cir. 1987) (recognizing the general proposition that a complaint should be dismissed as frivolous on Section 1915 review where subject matter jurisdiction is lacking).

Regarding dismissals for failure to state a claim, Section 1915(e)(2) parallels the language of Federal Rules of Civil Procedure 12(b)(6). *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000). The complaint therefore must allege facts that plausibly establish the defendant's liability. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). When the complaint has been filed by a pro se plaintiff, as is the case here, courts must "construe the pleadings liberally ... to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Upon dismissal, pro se plaintiffs proceeding in forma pauperis must be given leave to "amend their

complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Franklin v. Murphy*, 745 F.2d 1221, 1235 n.9 (9th Cir. 1984); *Lopez v. Smith*, 203 F.3d 1122, 1130- 31 (9th Cir. 2000).

# DISCUSSION

## I. Federal Causes of Action

### A. Section 1983 Claims

Plaintiff brings a number of constitutional claims in both Case One and Two including violations of the Fourth, Fifth, Sixth, Seventh, Eighth, Tenth, and Fourteenth Amendments.

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988). "In other words, the deprivation 'must be caused by the exercise of some right or privilege created by the [government] or a rule of conduct imposed by the [government].'" *Sutton v. Providence St. Joseph Med. Ctr.,* 192 F.3d 826, 835 (9th Cir. 1999) (quoting *Lugar v. Edmondson Oil Co., Inc.,* 457 U.S. 922, 937 (1982)). "[T]he party charged with the deprivation must be a person who may fairly be said to be a [governmental] actor." *Id*. "[Section] 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrong.'" *Id*. (quoting *American Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 50 (1999)).

Plaintiff's constitutional claims fail because Plaintiff fails to identify a government actor. The allegations in Case One and Two appear to be directed at the landlord. While Plaintiff has named the County and the Richmond Police Department as defendants Plaintiff has failed to specify what specific unconstitutional acts these government actors committed. Accordingly, Plaintiff's constitutional claims are insufficient to pass Section 1915 review.

### B. American Disability Act

The American Disability Act ("ADA") was enacted "to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities." 42 U.S.C. § 12101(b)(2). The term "disability" means "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual, (B) a record of such an impairment, or

4

(C) being regarded as having such an impairment." 43. U.S.C. § 12102(1). Plaintiff has not alleged that he is disabled or that he was discriminated against because of his disability.

Accordingly, Plaintiff's ADA claim is insufficient to pass Section 1915 review.

## II. State and Other Causes of Action

Plaintiff also alleged violations of the professional rules for attorneys, "Anti-Slapp," "Domestic Violence," "Hate Crimes," Fraud, "Perjury," Penal Code 240, 242, and 243, invasion of privacy, "Illegal Execution of a Writ," and "Illegally Enter to a Tenant Dwelling While in Possession." Plaintiff has also cited various sections of the California Civil Code.

Plaintiff's references to the professional rules for attorneys, "Anti-Slapp," "Domestic Violence," "Hate Crimes," "Perjury," "Illegal Execution of a Writ," and "Illegally Enter to a Tenant Dwelling While in Possession" do not constitute causes of action and therefore fail Section 1915 review. The Court shall proceed to review Plaintiff's remaining claims: fraud, assault and battery (California Penal Code Sections 240, 242, and 243), invasion of privacy, and violations of the California Civil Code.

### A. Fraud

Fraud requires "(a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." *Khan v. CitiMorgage, Inc.*, 97 F.Supp.2d 1127, 1139 (E.D. Cal. Sept. 30, 2013) (citing *Engalla v. Permanente Medical Group, Inc.*, 15 Cal.4th 951, 974 (1997)). "[T]o establish a cause of action for fraud a plaintiff must plead and prove in full, factually and specifically, all of the elements of the cause of action." *Conrad v. Bank of America,* 45 Cal.App.4th 133, 156 (1996). Plaintiff has not alleged any of the fraud elements nor met the heightened specificity pleading standard. Accordingly, Plaintiff's fraud claim fails Section 1915 screening.

### B. Assault and Battery

The California Penal Code defines assault as the "unlawful attempt, coupled with a present ability, to commit a violent injury on the person of another," Cal. Penal Code § 240, and defines battery as "any willful and unlawful use of force or violence upon the person of

5

another," Cal. Penal Code § 242. California Penal Code Section 243 describes the penalties for battery. Plaintiff alleges that the landlord choked him. Plaintiff refers to the landlord as "Sen;" however, he fails to identify which of the named defendants goes by the "Sen" or which of the named Defendants actually committed the act of choking Plaintiff. Therefore, Plaintiff's California Penal Code claims also fail Section 1915 review.

C.  **Invasion of Privacy**

Article I Section1 of the California Constitution recognizes certain "inalienable rights," including the right of privacy. Invasion of privacy requires (1) a legally protected privacy interest; (2) a reasonable expectation of privacy under the circumstances; and (3) conduct that amounts to a serious invasion of the protected privacy interest. *In re Yahoo Mail Litigation*, 7 F.Supp.3d 1016, 1039 (N.D. Cal. Aug. 12, 2014). In determining the offensiveness of an invasion of a privacy interest courts consider "the degree of the intrusion, the context, conduct and circumstances surrounding the intrusion as well as the intruder's motives and objectives, the setting into which he intrudes, and the expectations of those whose privacy is invaded." *Safari Club International v. Rudolph*, 862 F.3d 1113, 1129 (9th Cir. 2017) (quoting *Wilkins v. National Broadcasting Co., Inc.*, 71 Cal.App.4th 1066, 1075-1076 (1999))

Plaintiff has not alleged that he was entitled to a reasonable expectation of privacy. Indeed, he does not allege any facts supporting a constitutional invasion of privacy. Refusal to accept rent is an affirmative defense in an unlawful detainer proceeding, not an element of invasion of privacy, and there is no evidence the state court did not consider this affirmative defense. *See Boyd v. Carter*, 227 Cal.App.4th Supp.1, 9-10 (2014) (the landlord's refusal to accept the tenant's timely tender of rent due is an affirmative defense to an unlawful detainer for nonpayment of rent i.e., pursuant to three-day notice to "pay or quit"). Further, as discussed above, Plaintiff failed to identify the specific acts of each Defendant and how they were unreasonable.

D.  **California Civil Code Violations**

Last, Plaintiff has also cited various sections of the California Civil Code. Plaintiff's claims fail because, as discussed above, Plaintiff has not identified the landlord. Nor has Plaintiff

6

alleged that the landlord: (1) intended to terminate Plaintiff's occupancy through the termination of a utility service, (2) used unlawful weapons or ammunition on the premises, or (3) demanded an excessive security deposit or improperly handled repairs. *See* Cal. Civ. Code §§ 789.3, 3485, 1950.5. California Civil Code Section 1940.2 prohibits landlords from using force or threats to influence a tenant to vacate a dwelling. Although Plaintiff alleged that the landlord choked Plaintiff, Plaintiff has not identified the landlord as a defendant nor is it clear from the complaint that this choking incident was an attempt to force Plaintiff to vacate the premises.

Accordingly, Plaintiff's California Civil Code claims fail Section 1915 screening.

## CONCLUSION

For the reasons described above, Plaintiff's claims fail Section 1915 review. Plaintiff must clearly identify each defendant and their actions as well as the factual basis for his claims. Any amended complaint must be filed by March 5, 2018.

The Court encourages Plaintiff to seek free assistance from the Northern District's Pro Se Help Desk, United States Courthouse, San Francisco, 450 Golden Gate Avenue, 15th Floor, Room 2796, San Francisco, CA 94102 or the Help Desk at the Oakland Federal Courthouse, 1301 Clay Street, 4th Floor, Room 470S, Oakland, CA 94612. Plaintiff can make an appointment in person or by calling 415-782-8982.

**IT IS SO ORDERED.**

Dated: February 2, 2018

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge